IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36651-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TROY MICHAEL FIX, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Troy Fix appeals after a Clark County jury found him guilty of

both felony stalking and the gross misdemeanor offense of violation of a civil

antiharassment protection order. We affirm the felony conviction and remand to strike

certain legal financial obligations (LFOs), while also permitting the court to clarify an

aspect of the judgment and sentence if necessary.

FACTS

The relevant facts governing this appeal are largely procedural in nature. Troy and

Lisa Fix were married for 18 years. The couple legally separated in 2013 and their

marriage was dissolved April 1, 2015. In 2014, Lisa obtained a no contact order in

Oregon and subsequently obtained one in Washington. The order prohibited Troy from

coming within 500 yards of Lisa or her residence.

Throughout and after the marriage, Lisa lived on a 10-acre farm in rural Ridgefield. Troy had not lived on the property since 2013. Between March 16 and April 25, 2017, Troy was seen on numerous occasions driving around the area where Lisa took her early morning walks with a friend and/or her residence. These incidents led the Clark County Prosecuting Attorney's Office to file the two noted charges, both of which were alleged to be domestic violence offenses. The felony stalking was predicated on the actions also constituting a violation of the protection order.

The jury returned guilty verdicts on both charges and also determined that both crimes were domestic violence offenses. The trial court ordered a standard range prison sentence of 12 months and one day on the stalking conviction. Our record does not reflect that any sentence was imposed on the gross misdemeanor offense.

Mr. Fix timely appealed from the sentence. Division Two administratively transferred this case to Division Three. A panel of this court considered the appeal without hearing argument.

ANALYSIS

This appeal presents challenges to the lack of a unanimity instruction, the alleged failure to merge offenses, and the imposition of certain LFOs. Mr. Fix also filed a statement of additional grounds (SAG) raising six arguments. We address the issues raised by appellate counsel first before briefly turning to some of the SAG claims.

2

*Unanimity Instruction*

Mr. Fix initially argues that it was error to fail to instruct the jury that it needed to unanimously agree on the actions that constituted the crime. This argument fails due to the nature of the crimes charged.

Only a unanimous jury can return a "guilty" verdict in a criminal case. *State v. Camarillo*, 115 Wn.2d 60, 63, 794 P.2d 850 (1990). Where the evidence shows multiple acts occurred that could constitute the charged offense, the State must either choose which act it relies on or instruct the jury that it must unanimously agree on which act it found. *State v. Petrich*, 101 Wn.2d 566, 572, 683 P.2d 173 (1984). Constitutional error occurs if there is no election and no unanimity instruction is given. *State v. Bobenhouse*, 166 Wn.2d 881, 893, 214 P.3d 907 (2009); *State v. Kitchen*, 110 Wn.2d 403, 411, 756 P.2d 105 (1988). This type of error requires a new trial unless shown to be harmless beyond a reasonable doubt. *Camarillo*, 115 Wn.2d at 64.

However, no election or unanimity instruction is needed if the defendant's acts were part of a continuing course of conduct. *State v. Handran*, 113 Wn.2d 11, 17, 775 P.2d 453 (1989). Appellate courts must "review the facts in a commonsense manner to decide whether criminal conduct constitutes one continuing act." *State v. Fiallo-Lopez*, 78 Wn. App. 717, 724, 899 P.2d 1294 (1995). A continuing course of conduct exists when actions promote one objective and occur at the same time and place. *Petrich*, 101 Wn.2d at 571; *State v. Love*, 80 Wn. App. 357, 361, 908 P.2d 395 (1996). A continuing

3

course of conduct also exists when the charged criminal behavior is an "ongoing enterprise." *State v. Gooden*, 51 Wn. App. 615, 620, 754 P.2d 1000 (1988) (promoting prostitution was ongoing enterprise). It is this latter definition that is at issue in this case.

The crime of stalking requires intentional and repeated harassment. As charged here, the crime is committed when one "intentionally and repeatedly harasses or repeatedly follows another person." RCW 9A.46.110(1)(a). Stalking is a crime that can be committed by a combination of separate acts, in a course of conduct, intended to harass, frighten, or intimidate a person. *State v. Bradford*, 175 Wn. App. 912, 924, 308 P.3d 736 (2013). In turn, "Harasses" means "unlawful harassment as defined in RCW 10.14.020." RCW 9A.46.110(6)(c). Unlawful harassment, including in violation of an antiharassment protection order, is defined as a:

> knowing and willful course of conduct directed at a specific person which seriously alarms, annoys, harasses, or is detrimental to such person, and which serves no legitimate or lawful purpose. The course of conduct shall be such as would cause a reasonable person to suffer substantial emotional distress, and shall actually cause substantial emotional distress to the petitioner, or, when the course of conduct would cause a reasonable parent to fear for the well-being of their child.

RCW 10.14.020(2).

"Repeatedly" means two or more occasions. RCW 9A.46.110(6)(e). Finally, "course of conduct" is defined as a:

> pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose. "Course of conduct" includes, in addition to any other form of communication, contact, or

conduct, the sending of an electronic communication, but does not include
constitutionally protected free speech.  Constitutionally protected activity is
not included within the meaning of "course of conduct."

RCW 10.14.020(1).

The short answer to Mr. Fix's argument is that this is not a multiple acts case that could possibly require a unanimity instruction.  Instead, the offense is defined in terms of needing multiple instances of harassing conduct in order to constitute a single crime of stalking.  No single action could constitute the crime; it is only when harassing actions are committed on a recurring basis that stalking is established.

Applying the necessary "common sense" view of the statute, stalking is an ongoing offense that is not subject to the requirement of a unanimity instruction.  This argument fails.

*Merger of Offenses*

Mr. Fix next argues that the trial court erred by failing to merge the protection order violation into the stalking offense.  The State responds by arguing that the trial court did merge the offenses.  Unable to discern if there is any error here, we leave this issue to the trial court on remand.

The parties agree on appeal, as they did in the trial court, that the two offenses merge.  The trial court did not expressly state at sentencing that it was merging the two offenses, and the clerk's papers forwarded to this court do not mention the possibility one way or the other.  However, the judgment and sentence form only addresses the felony

conviction and does not even mention the existence of the other offense as part of Mr.

Fix's criminal history. On the face of that document, it appears likely that the court at

least treated the misdemeanor as if it had merged into the felony as recommended by the

parties.

Because we are remanding to the trial court to address some LFO issues, we leave

the matter for the trial court. If there is not an order already on file that merges the

offenses, an order ought to be entered memorializing that fact for the record.

*Financial Obligations*

Mr. Fix next argues that the trial court erred by imposing LFOs without

conducting a sufficient inquiry into his ability to pay. The prosecutor agrees that the

discretionary LFOs were imposed without a proper basis and should be struck. We agree

and direct the trial court to strike the jury demand fee and the domestic violence

assessment.[1]

The DNA collection fee need not be waived. Mr. Fix has no prior Washington

convictions that would have authorized the collection of his DNA on an earlier occasion.[2]

Accordingly, the trial court need not strike the DNA fee unless evidence is presented that

---

[1] The trial court did not impose a filing fee.
[2] Mr. Fix's criminal history indicates a 2014 conviction in Oregon for fourth degree assault and a Washington disorderly conduct conviction later that same year. Clerk's Papers at 199.

6

his DNA was collected on some prior occasion that is not reflected in his criminal history.  RCW 43.43.7541.

We remand to strike the two noted fees from the judgment and sentence.

*Statement of Additional Grounds*

Mr. Fix filed a pro se SAG listing six arguments.  We will briefly address two of them.  The others fail because they are either dependent on facts outside the record or are insufficiently briefed.  RAP 10.10(c).

The SAG argues that the trial court erred in denying his last request for a continuance in order to subpoena an alibi witness.  The trial court had previously granted him two continuances for the same purpose, but declined two last minute requests for an additional continuance.

A trial court's decision to grant or deny a continuance of trial is reviewed for manifest abuse of discretion.  *State v. Campbell*, 103 Wn.2d 1, 14, 691 P.2d 929 (1984), *cert. denied*, 471 U.S. 1094 (1985); *State v. Early*, 70 Wn. App. 452, 458, 853 P.2d 964 (1993).  When a case has been previously continued, an even stronger showing in support of the subsequent request is necessary.  *State v. Barnes*, 58 Wn. App. 465, 471, 794 P.2d 52 (1990), *aff'd*, 117 Wn.2d 701, 818 P.2d 1088 (1991).  Discretion is abused when it is exercised on untenable grounds or for untenable reasons.  *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

The trial court had tenable grounds for denying a third continuance. Two previous continuances had been granted and no showing was made that indicated the defense would be more successful in finding the witness on the latest occasion. The court had tenable grounds for rejecting the motion; there was no abuse of discretion.

The SAG also argues that this court should reconsider the credibility of the victim's testimony. However, this court defers to the credibility decisions made at trial. *Camarillo*, 115 Wn.2d at 71. Appellate courts do not engage in fact-finding or reweighing of evidence. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 572, 575, 343 P.2d 183 (1959); *Quinn v. Cherry Lane Auto Plaza, Inc.*, 153 Wn. App. 710, 717, 225 P.3d 266 (2009). This argument, too, is without merit.

The conviction is affirmed. The matter is remanded to the superior court to strike the noted LFOs and, if necessary, enter an order reflecting that the two convictions were merged.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Siddoway, J.